Oliver H. Bishop, Appellant, *v.* Charles W. Alcott, Respondent.

Plaintiff built a schooner for defendant under an agreement by which he was to take in payment a one-sixteenth interest therein ; defendant covenanting that plaintiff's share should pay him, for two years, a dividend of not less than twenty-five per cent, and as much more as the schooner should pay over that "on her cost, clear of her bills." Plaintiff transferred his interest in shares or portions before the expiration of the two years. The schooner earned and paid a dividend less than that stipulated. In an action upon the contract *held*, that the guaranty was not a personal one, unaffected by the transfer, but plaintiff was only entitled under it to receive the dividend so long as he owned his share or a portion thereof, and only to the extent of the interest owned by him.

As to whether the sale and transfer of plaintiff's interest transferred the guaranty, *quære ?*

(Argued October 13, 1881 ; decided October 25, 1881.)

Appeal from an order of the General Term of the Supreme Court, in the second judicial department, made May 6, 1880, which reversed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 21 Hun, 253.)

This action was upon a guaranty contained in a contract between the parties, the substance of which, and also the material facts, are set forth in the opinion.

*B. K. Payne* for appellant. The contract being valid the defendant's claim, to retain the benefits of it, and not to pay

.therefor is untenable and unconscionable. (*Harris* v. *Sunnels*, 12 How. [U. S.] 79–87.)

*Warren G. Brown* for respondent. Defendant cannot be holden to plaintiff after the latter has severed all connection with the subject of the guaranty. (2 Parsons on Contracts, 20 [6th ed.].) A dividend on shares of a company's stock belongs to the person who was owner of the shares when it was declared and the money appropriated to its payment, and the purchaser of the shares acquires with the shares the right to dividends not declared, although they may have been earned at the time of sale. (*Manning, Admx., etc.* v. *The L. S. M. Co.*, 24 Hun, 360; *Boardman* v. *L. S. & M. S. R. R. Co.*, 84 N. Y. 157; *Hyatt* v. *Allen*, 56 id. 553; *People* v. *Assessors*, 76 id. 202; *City of Ohio* v. *Cleveland & Toledo R. R. Co.*, 6 Ohio 489.) The same is true of interest on a debt, the title to which follows the debt. (*Clark* v. *Alexander*, 8 Sco. N. R. 147, 165; *Florence* v. *Drayson*, 1 C. B. [N. S.] 584.)

EARL, J. Prior to the 24th day of January, 1872, the plaintiff entered into a contract with the defendant to build for him a schooner. He took in payment a one-sixteenth interest in her, and became part owner in her to that extent. At the date named, the parties entered into a written agreement under seal, whereby the defendant covenanted and agreed that the plaintiff's one-sixteenth part of the schooner should pay him "a dividend to the amount of not less than twenty-five per cent *per annum*, and as much more as said schooner shall pay over twenty-five per cent on her cost clear of her bills," and it was stipulated that the agreement was to remain in force for the space of two years, from the time the schooner started on her first regular voyage.

The schooner earned and paid a dividend for the first year of only about nineteen and one-half per cent, and for the second year, of only about seventeen and one-half per cent, the total amount of the deficiency for a one-sixteenth share being, for

the two years, $260.45. This action was brought to recover this sum and plaintiff succeeded.

It appeared upon the trial that before the schooner sailed upon her first voyage, the plaintiff transferred to his wife one-half of his share, and to another person one-quarter thereof, and that he sold his remaining quarter in the third month of the second year.

The claim of the plaintiff was that the agreement constituted a personal guaranty with him which was not affected by his transfer of his share, and that was the view taken by the trial judge. The defendant claimed that the plaintiff was entitled to receive the dividends only so long as he owned his share or a portion of it, and only to the extent of the share owned by him, and we are of that opinion.

A vessel can earn dividends only for her owner, or for persons to whom he has in some way given a right to receive them. When one sells a vessel he sells nothing unless the vendee can have the earnings. It is not disputed by the plaintiff, as I understand his counsel, that the persons to whom he transferred his interest in the schooner were entitled to receive the dividends upon their respective shares. But his contention is that if such dividends were less than the twenty-five per cent guaranteed by the defendant, he was entitled to recover the difference. I do not think the agreement will bear such a construction. Read literally, it is that the vessel shall pay to said Bishop a dividend of twenty-five per cent; and there is nothing in the agreement providing that in case of a sale by him the vessel shall pay her net earnings to his vendee, and, if less than the twenty-five per cent, the balance to him. A literal construction of the language used, therefore, would entitle the plaintiff to the whole twenty-five per cent although he had sold his entire interest, and of course his vendee would also be entitled to dividends of net earnings, and the vessel or the defendant would thus be subjected to double payment. Such a result could not have been contemplated or intended by the parties. What was meant was that the plaintiff should have the dividends so long as he remained owner during the

two years. Dividends and ownership were to go together, and when the plaintiff sold his interest, he disabled himself from receiving dividends, and conferred the right to receive them upon his vendee. He could have transferred this guaranty with his interest, and thus obtained the benefit thereof. Whether a mere sale of his interest did convey the guaranty, it is not important now to determine.

That the construction we have thus given is the true one is made more manifest by the last clause in the agreement, which is as follows: " Said Bishop further agrees, and hereby gives the said Alcott the privilege to purchase from said Bishop the one-sixteenth part above referred to on the completion of above-described schooner, providing said Bishop has not disposed of the one-sixteenth part at that time, for the sum of her contract cost, and the said Bishop further agrees not to sell the above schooner to rny one without giving Alcott the refusal of her for the space of sixty days." It could not have been intended that the plaintiff should receive, besides the costs of his interest, the twenty-five per cent or any portion of it, after he had sold his interest to the defendant; and yet by the literal terms of the agreement such a sale would no more deprive him of it than a sale to any other person.

It is not disputed that the plaintiff was entitled to some dividend on account of the interest he retained for a portion of the time. But as the amount he recovered under the erroneous charge of the judge was much more than he was entitled to, the new trial was not erroneously ordered at the General Term. That court could have modified the judgment so as to give plaintiff the small sum which is undisputed. But whether it would so modify it or grant a new trial rested in its discretion, and. with the exercise of that discretion we have no right to interfere, as error cannot be predicated of it.

It follows that the order should be affirmed, and judgment absolute ordered against the plaintiff with costs.

All concur.

Order affirmed and judgment accordingly.